IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

RICHARD PETERSON #20090007816,  )
                                )
            Plaintiff,           )
                                )
     v.                          )    No.  10 C 5681
                                )
THOMAS DART, et al.,             )
                                )
            Defendants.          )

                        MEMORANDUM ORDER

    In response to this Court's September 14, 2010 memorandum order, pro se pretrial detainee Richard Peterson ("Peterson") has obtained and tendered a printout covering transactions in his inmate trust fund account at the Cook County Department of Corrections ("County Jail," where he is now in custody). Although the printout comes within a few days of matching the precise time frame requested by this Court, its more-than-six-month coverage suffices to enable this Court to make an equivalent six-month determination as called for by 28 U.S.C. §1915 ("Section 1915").

    That calculation reflects that the average monthly deposits to Peterson's account during the six-month period came to $17, 20% of which is $3.40 (see Section 1915(b)(1)). Accordingly Peterson is assessed an initial partial payment of $3.40 toward the $350 filing fee, and the County Jail trust fund officer is ordered to collect that amount from Peterson's 's trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

Office of the Clerk
              United States District Court
              219 South Dearborn Street
              Chicago IL 60604

              Attention:  Fiscal Department

Both that initial payment and all future payments called for in this memorandum order shall clearly identify Peterson's name and the 10 C 5681 case number assigned to this action.  To implement these requirements, the Clerk shall send a copy of this memorandum order to the County Jail trust fund officer.

After such initial payment, the trust fund officer at County Jail (or at any other correctional facility where Peterson may hereafter be confined) is authorized to collect monthly payments from Peterson's trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

This determination as to Peterson's in forma pauperis status also activates consideration of Peterson's Motion for Appointment of Counsel ("Motion"), for (1) his Complaint sets out a nonfrivolous claim[1] and (2) the Motion establishes his

---

   [1]  From Peterson's allegations it appears that "John Doe Dentist" (that ascertainment of whose real name must await discovery) is the only named defendant who is certain to be a 42 U.S.C. §1983 target.  But the other two named defendants, Sheriff Thomas Dart and County Jail Executive Director Salvador Godinez, are potentially liable on respondeat superior grounds in closely-

unsuccessful efforts to obtain a lawyer on his own. This Court has accordingly obtained the name of this member of the trial bar, who is appointed to represent Peterson pro bono publico:

    W. Matthew Bryant
    Arnstein & Lehr, LLP
    120 South Riverside Plaza - Suite 1200
    Chicago IL 60606-3913
    312-876-7100

Appointed counsel should promptly make arrangements for the service of process on the two defendants who are currently named, so that this action may go forward.

Finally, this action is set for an initial status hearing at 9 a.m. November 19, 2010. At that time appointed counsel for Peterson is expected to attend, and it is anticipated that an appearance will have been entered for defendants at a minimum, perhaps with a responsive pleading on file as well.

                                      _____
                                      Milton I. Shadur
                                      Senior United States District Judge

Date: October 14, 2010

---

linked supplemental jurisdiction terms under 28 U.S.C. §1367.